UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRISTAN MICHAEL HYDE,

    Plaintiff,

v.                                Case No. 3:22cv6058-MCR-HTC

JEREMIE VINKLAREK,
DOUBLE DOWN DEER FEED,
ASHLEY FEED AND HARDWARE,
FARM AND NURSERY,

    Defendants.
_____/

ORDER
REPORT AND RECOMMENDATION

Plaintiff Tristan Michael Hyde, a prolific filer proceeding *pro se*, initiated this action over two months ago, during a respite of time when he was not incarcerated, seeking to assert what appears to be breach of contract claims against several private entities and persons.[1] ECF Doc. 1. He did not remit the filing fee or simultaneously

---

[1] Around the time Plaintiff filed this action, he also filed another action as a prisoner, *Hyde v. Atkinson*, 322cv4904LC, and the following other federal actions: (1) *Hyde v. Tom S. Whitehead Inc. et al*, 1:2022cv00252 (Texas Western District Court); (2) *Hyde v. The State of Alabama et al*, 3:2022cv00087 (Alabama Middle District Court); (3) *Hyde v. State of New Mexico et al*, 1:2022cv00130 (New Mexico District Court). Plaintiff was arrested in June and is currently in the Walton County Jail. However, Plaintiff's status at the time of filing this action was as a non-prisoner.

file a motion to proceed *in forma pauperis*. Also, he sought to allege claims on his own behalf as well as on behalf of an entity in which he appears to have an ownership interest, Hyde Commodities, LLC. After several delays and requests for extensions, Plaintiff finally filed an amended complaint, ECF Doc. 11, and an *in forma pauperis* motion on or about July 15, 2022. ECF Doc. 12. The Court has reviewed both and finds the motion should be denied and recommends the amended complaint be dismissed for lack of jurisdiction.

The federal *in forma pauperis* statute ensures that indigent litigants have access to federal courts. 28 U.S.C. § 1915 (2014); *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–43 (1948)). Because a litigant proceeding *in forma pauperis* "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," § 1915 permits the Court to dismiss the action upon determining that it is frivolous or malicious, fails to state a claim for relief, or seeks relief from a party that is immune from such claims. *Neitzke,* 490 U.S. at 324; 28 U.S.C. § 1915(e)(2)(B).

Also, district courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro*

*se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020). While a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

As with any action, it is the Court's obligation to confirm it possesses subject matter jurisdiction over the plaintiff's claims. *See Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). A party who invokes the court's jurisdiction has the burden of establishing that it is proper. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir.2007). Plaintiff has not met that burden.

Federal district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. For this Court to have diversity jurisdiction, the statute "requires *complete* diversity of parties; every

plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); 28 U.S.C. § 1332.  Here, Plaintiff identifies himself and Hyde Commodities, LLC, as being citizens of Florida.  ECF Doc. 11 at 2.  Plaintiff also identifies Defendant Ashley's Feed and Hardware a/k/a Ashley's Feed and Defendant Farm and Nursery[2] as citizens of Florida.  Thus, there is no diversity jurisdiction.

Plaintiff has also failed to show the existence of federal question jurisdiction.  A "federal question" case arises under the United States Constitution or federal laws or treaties.  *See* 28 U.S.C. § 1331.  However, simply referring to a constitutional amendment or federal law, alone, does not create subject matter jurisdiction.  "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction [ ] if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; *or* (2) 'such a claim is wholly insubstantial and frivolous.'" *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood,* 327 U.S. 678, 682–83 (1946) (emphasis in original)).  While Plaintiff's

---

[2] According to the Florida Division of Corporations, there is an entity by the name of Farm and Nursery Mart, Inc., which has its principal place of business in Pensacola, Florida. https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=FARMNURSERYMART%203573850&aggregateId=domp-357385-5398859c-1bab-44c2-8d3e-33fd86a4a41a&searchTerm=farm%20and%20nursery&listNameOrder=FARMNURSERYMART%203573850.  The Court was unable to find an entry for Ashley's Feed.

Case No. 3:22cv6058-MCR-HTC

amended complaint references the Fifth Amendment, the facts alleged do not show Plaintiff has "a right to recover under the Constitution and laws of the United States." *Bell*, 327 U.S. at 681.

To the contrary, from what the Court can discern from Plaintiff's handwriting, Plaintiff seeks recovery against Defendants for breaching a contract with either him or Hyde Commodities to set up a feed network in Florida. Indeed, in the "Relief Requested" section of Plaintiff's amended complaint, he alleges defendants "are not performing on contract agreement with Plaintiff." ECF Doc. 11 at 10. Also, he seeks monetary damages "for nonpayment" of submitted invoices. A breach of contract claim is one that falls squarely under state law. *See e.g.*, *Ward v. Kenco Sign and Awning, LLC*, 2022 WL 1238633, at *2 (M.D. Fla. Mar. 10, 2022) (dismissing permissive counterclaim for breach of contract as falling under state law); *Salerno v. School Board of Volusia County, Fla*, 2021 WL 2678126 at *3 (M.D. Fla. May 27, 2021) (declining to exercise supplemental jurisdiction over state law breach of contract claim where federal claim was dismissed).

Moreover, "[t]o obtain relief under § 1983, [a party] must show that he [or she] was deprived of a federal right by a person acting under color of state law." 42 U.S.C. § 1983; *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing *Patrick v. Floyd Med. Cntr.*, 201 F.3d 1313, 1315 (11th Cir. 2000)). In other words, the offending party must be a "state actor." *See Rayburn*, 241 F.3d

at 1347. Here, however, each of the Defendants named are private individuals or corporations. And "[o]nly in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). There are three primary tests for establishing state action: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test"). *Natl. Broad. Co., Inc. v. Commun. Workers of Am.,* 860 F.2d 1022, 1026–27 (11th Cir. 1988) (citations omitted). There are absolutely no facts in Plaintiff's amended complaint that would allow the Court to consider Defendants as state actors.

This Court, therefore, lacks jurisdiction over Plaintiff's claims. Given the nature of Plaintiff's claims and the fact that Plaintiff has already filed an amended complaint, the Court finds an additional opportunity to amend to be futile. Also, because the undersigned finds the case should be dismissed, the Court will deny the *in forma pauperis* motion.[3] *See Est. of Bamberg v. Regions Bank*, 2014 WL

---

[3] The Court also questions the veracity of the information in the motion. Although Plaintiff contends he receives no income and has no assets, he previously reported in *Hyde v. Adkinson*,

Case No. 3:22cv6058-MCR-HTC

2957815, at *2 (N.D. Ga. June 30, 2014) (if the court lacks jurisdiction, the plaintiffs' complaint will be deemed frivolous and *in forma pauperis* status will not be conferred); *Lotova v. Hollywood Homes, LLC*, 2014 WL 12600723, at *2 (S.D. Fla. Feb. 19, 2014) (denying *in forma pauperis* motion after determining court lacked jurisdiction over claim).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 12, is DENIED.

It is also RESPECTFULLY RECOMMENDED:

1. This matter be DISMISSED for lack of jurisdiction.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of July, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

322CV4904LAC/HTC that he spent his post-release funds "improving his infrastructure and operations" and to "sustain built outs of Tiny Texas Houses" and asked the Court to give him time to pay the initial partial filing fee there because he was going to get revenues on June 1, 2022. ECF Doc. 9, in that case.  Also, in a motion for extension of time he filed in this case, he reported getting revenues and spending $800.00 on an attorney for his recent arrest.  ECF Doc. 12.  The Court reminds Plaintiff his *in forma pauperis* motion was filed under "penalty of perjury" and that this Court will not tolerate less than complete candor.

Case No. 3:22cv6058-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv6058-MCR-HTC